**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| MILWAUKEE ELECTRIC TOOL CORPORATION, et al., <br><br> Plaintiffs, <br><br> v. <br><br> SHOOK, HARDY & BACON L.L.P. and MCDERMOTT WILL & EMERY LLP, <br><br> Defendants. | Case No. TBD |

## PLAINTIFFS' MOTION TO COMPEL

Plaintiffs Milwaukee Electric Tool Corporation ("Milwaukee Tool"), Metco Battery Technologies, LLC, AC (Macao Commercial Offshore) Limited, and Techtronic Industries Co. Ltd. (collectively, "Milwaukee") respectfully file this motion under Rule 37 to compel Shook, Hardy & Bacon L.L.P. ("SHB") and McDermott Will & Emery LLP ("MWE") to comply with subpoenas served on July 18, 2017, by producing all communications with third parties improperly withheld or redacted as privileged.  Counsel for SHB and MWE have consented to the transfer of this motion to the issuing court in the Eastern District of Wisconsin (2:14-cv-01296-JPS).  Accordingly, Plaintiffs ask this Court to transfer this motion pursuant to Fed. R. Civ. P. 45(f).

In support of this Motion, and as discussed more fully in Milwaukee's contemporaneously-filed Memorandum in Support of the Motion, Milwaukee states as follows:

1.      SHB and MWE are defense counsel to Snap-on, Incorporated ("Snap-on") in a patent infringement action pending in the Eastern District of Wisconsin filed by Milwaukee.  In that litigation, Snap-on asserts invalidity of Milwaukee's patents.  Milwaukee seeks to preclude

Snap-on from asserting this defense due to the doctrine of assignor estoppel, which bars the assignor of patents, and entities in privity with the assignor, from later challenging the validity of those patents. E-One Moli (Canada) Ltd. ("Moli") and Milwaukee Tool jointly developed the technology described in the patents asserted against Snap-on, but Moli chose to assign its rights in those patents to Milwaukee. Under the doctrine of assignor estoppel, this precludes Moli from challenging the assigned patents. The discovery sought by Milwaukee here is directly related to Milwaukee's efforts to determine the depth and breadth of the relationship between Snap-on and Moli, which will confirm their privity relationship and extend the doctrine of assignor estoppel to Snap-on.

2. On July 18, 2017, Milwaukee served targeted subpoenas on SHB and MWE, seeking only (1) communications between their firms and current or former employees and agents of Moli and (2) agreements between their firms and Moli or any former Moli employees or agents. In response, SHB and MWE only produced highly redacted documents, and asserted privilege over numerous categories of additional documents.

3. SHB and MWE have asserted privilege over communications with Moli employees, Dr. von Sacken and Jan Reimers, on the basis of expert consulting agreements. However, both witnesses are only being used to provide their first-hand knowledge about the joint development program between Moli and Milwaukee. SHB and MWE cannot reclassify these individuals as experts in order to thwart the normal process of discovery.

4. SHB and MWE have also redacted correspondence with Moli on the basis of "work product" protections. At the time of the first contact, however, the firms were merely communicating with a third party, which renders any assertion of the work product protections void.

2

5.      Finally, SHB and MWE have refused to produce any communications with Moli's counsel located in Vancouver, Canada on the grounds of "work product" or relevance.  These attempts to avoid discovery also fail because (1) no common litigation interest has been shown between Snap-on and Moli and (2) the communications will reveal the nature of the privity relationship between Snap-on and Moli, which is directly relevant to Milwaukee's assignor estoppel argument.  Thus, SHB and MWE should be required to produce all communications with third parties improperly withheld or redacted as privileged for several reasons.

6.      First, privilege claims over consulting experts do not apply to knowledge as fact witnesses.

7.      Second, SHB and MWE have improperly asserted work product and common interest protections, as at the time counsel initially reached out to Moli, a third party, there could not have been any work product or common interest protection.

8.      Third, communications with Moli's counsel are not privileged, as Moli is not a party to the pending dispute between Milwaukee and Snap-on, and Milwaukee is not aware of any joint defense agreement between these entities or any control of Moli's counsel by Snap-on, SHB, or MWE.  Additionally, the communications with Moli's counsel are relevant to establish the nature and scope of the privity relationship between Snap-on and Moli.

WHEREFORE, for all these reasons, and for those more fully discussed in Milwaukee's contemporaneously-filed Memorandum in Support of the Motion, Milwaukee respectfully requests that this Court grant its Motion to Compel.

Dated: September 11, 2017

Respectfully submitted,

By /s/ Sanjay K. Murthy
Jason C. White
jason.white@morganlewis.com
Sanjay K. Murthy
sanjay.murthy@morganlewis.com
Scott D. Sherwin
scott.sherwin@morganlewis.com
MORGAN, LEWIS & BOCKIUS LLP
77 West Wacker Drive, Suite 500
Chicago, Illinois 60601
Phone: (312) 324-1000
Fax: (312) 324-1001

*Attorneys for Plaintiffs Milwaukee Electric Tool Corporation; Metco Battery Technologies, LLC; AC (Macao Commercial Offshore) Limited; and Techtronic Industries Co. Ltd.*

## <u>CERTIFICATE OF SERVICE</u>

I certify that a copy of the foregoing document was served via email on September 11,

2017 upon the following:

Lynn Murray
George Dougherty
Hugh Abrams
Peter O'Neill
**Shook, Hardy & Bacon**
lhmurray@shb.com
gdougherty@shb.com
habrams@shb.com
pfoneill@shb.com

Paul Devinsky
Joseph Paquin
Amol A Parikh
**McDermott, Will & Emery**
pdevinsky@mwe.com
jpaquin@mwe.com
amparikh@mwe.com

*/s/ Sanjay K. Murthy*