**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| MILWAUKEE ELECTRIC TOOL CORPORATION, et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>SHOOK, HARDY & BACON L.L.P., MCDERMOTT WILL & EMERY LLP,<br><br>        Defendant. | Case No. TBD |

**MEMORANDUM OF LAW IN SUPPORT OF**
**PLAINTIFFS' MOTION TO COMPEL**

**I.    INTRODUCTION**

Plaintiffs Milwaukee Electric Tool Corporation ("Milwaukee Tool"), Metco Battery Technologies, LLC, AC (Macao Commercial Offshore) Limited, and Techtronic Industries Co. Ltd. (collectively, "Milwaukee") respectfully file this motion under Rule 37 to compel Shook, Hardy & Bacon L.L.P. ("SHB") and McDermott Will & Emery LLP ("MWE") to comply with subpoenas served on July 18, 2017, by producing all communications with third parties improperly withheld or redacted as privileged.  Counsel for SHB and MWE have consented to the transfer of this motion to the issuing court in the Eastern District of Wisconsin (2:14-cv-01296-JPS).  Accordingly, Plaintiffs ask this Court to transfer this motion pursuant to Fed. R. Civ. P. 45(f).

SHB and MWE are defense counsel to Snap-on, Incorporated ("Snap-on") in a patent infringement action pending in the Eastern District of Wisconsin filed by Milwaukee.  In that litigation, Snap-on asserts invalidity of Milwaukee's patents.  Milwaukee seeks to preclude

Snap-on from asserting this defense due to the doctrine of assignor estoppel, which bars the assignor of patents, and entities in privity with the assignor, from later challenging the validity of those patents. E-One Moli (Canada) Ltd. ("Moli") and Milwaukee Tool jointly developed the technology described in the patents asserted against Snap-on, but Moli chose to assign its rights in those patents to Milwaukee. Under the doctrine of assignor estoppel, this precludes Moli from challenging the assigned patents. The discovery sought by Milwaukee here is directly related to Milwaukee's efforts to determine the depth and breadth of the relationship between Snap-on and Moli, which will confirm their privity relationship and extend the doctrine of assignor estoppel to Snap-on.

In general, the federal rules require compliance with discovery requests productions in order to assist in the preparation for trial and settlement of litigated disputes. *See Bond v. Utreras*, 585 F.3d 1061, 1075 (7th Cir. 2009). Under Federal Rule of Civil Procedure 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. . . . Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1); *see Bond*, 585 F.3d at 1075. If a party refuses to comply with a discovery request on the basis of privilege, it has the burden of demonstrating that the privilege applies. *Valero Energy Corp. v. United States*, 569 F.3d 626, 630 (7th Cir. 2009).

On July 18, 2017, Milwaukee served targeted subpoenas on SHB and MWE, seeking only (1) communications between their firms and current or former employees and agents of Moli and (2) agreements between their firms and Moli or any former Moli employees or agents. *See* Declaration of S. Murthy ("Murthy Decl."), Exs. 1 & 2. In response, SHB and MWE only

produced highly redacted documents, and asserted privilege over numerous categories of additional documents.

SHB and MWE have asserted privilege over communications with Moli employees, Dr. von Sacken and Jan Reimers, on the basis of expert consulting agreements. *See* Murthy Decl. Exs. 3, 4 & 5. However, both witnesses are only being used to provide their first-hand knowledge about the joint development program between Moli and Milwaukee. SHB and MWE cannot reclassify these individuals as experts in order to thwart the normal process of discovery.

SHB and MWE have also redacted correspondence with Moli on the basis of "work product" protections. At the time of the first contact, however, the firms were merely communicating with a third party, which renders any assertion of the work product protections void.

Finally, SHB and MWE have refused to produce any communications with Moli's counsel located in Vancouver, Canada on the grounds of "work product" or relevance. These attempts to avoid discovery also fail because (1) no common litigation interest has been shown between Snap-on and Moli and (2) the communications will reveal the nature of the privity relationship between Snap-on and Moli, which is directly relevant to Milwaukee's assignor estoppel argument.

**II.     ARGUMENT**

    **A.     Privilege Claims Over Consulting Experts Does Not Apply to Knowledge As Fact Witnesses**

Ordinarily a party is not required to produce to an opposing party documents relating to the work of a non-testifying litigation consultant unless the opposing party can show "exceptional circumstances" justifying such an obligation. Fed. Rule Civ. P. 26(b)(4)(B). However, a consulting expert witness's information or knowledge may be discoverable if the

expert served another role before being retained as a consulting expert, such as a fact witness. *See, e.g., Jones v. Celebration Cruise Operator, Inc.*, 2012 WL 1029469, *2-3 (S.D. Fla. Mar. 26, 2012). Indeed, the notes Rule 26(b)(4) state that this "subdivision does not address itself to the expert whose information was not acquired in preparation for trial but rather because he was an actor or viewer with respect to transactions or occurrences that are part of the subject matter of the lawsuit. Such an expert should be treated as an ordinary witness." Fed. R. Civ. P. 26(b)(4), Notes to 1970 Amendments. Under such circumstances, the fact witness is required to provide information or discovery for at least the time period before the individual was retained as a consulting expert. *See Jones v. Celebration Cruise Operator, Inc.*, 2012 WL 1029469, at *3, 4 (S.D. Fla. March 26, 2012); *Caribbean Owners' Ass'n, Inc. v. Great American Insurance Co. of New York*, 2009 WL 499500 * 1, 2 (S.D. Ala. 2009).

Here, SHB and MWE assert privilege over communications with unrepresented third parties, and former Moli employees, Dr. Ulrich von Sacken and Jan Reimers. *See* Murthy Decl., Exs. 3 & 4. While each witness was recently retained as a consulting expert, both are merely providing fact witness testimony about their first-hand knowledge of the events in the pending litigation. Accordingly, under Rule 26(b)(4), their communications with SHB and MWE are discoverable.

At the very least, their communications fall under the "two hats" analysis used by some courts when individuals act as both a fact witness and a consulting witness. *See Essex Builders Group, Inc. v. Amerisure Ins. Co*., 235 F.R.D. 703, 704-05 (M.D. Fla. 2006) (non-testifying expert retained by plaintiff could be deposed by defendant regarding any facts or opinions he held prior to being retained in his role as consulting expert event without a showing of exceptional circumstances); *see also Tampa Bay Water v. HDR Engineering, Inc*., 2010 WL

4

3394729, *2 (M.D. Fla. Aug. 26, 2010). Under the "two hats" analysis, the opinions and documents prepared before these individuals were retained as expert witnesses is subject to discovery.

Dr. von Sacken was retained as an expert on March 1. 2017. *See* Murthy Decl., Ex. 6. However, SHB and MWE withheld at least the communications with Dr. von Sacken that appear as Log. Nos. 2-54, all of which pre-date March 1, 2017. *See* Murthy Decl., Ex. 7. While many entries relate to the preparation and drafting of Dr. von Sacken's declaration in the IPR proceedings challenging the Milwaukee patents, there is no evidence Dr. von Sacken was acting as a "consulting expert" for this work. Indeed, his declaration is purely factual, relates to historical information previously in his possession, and states he was compensated "for the time spent on gathering and reviewing records, preparing this declaration, and preparing to testify and testifying in this matter." *See* Murthy Decl., Ex. 8. Since Dr. von Sacken was a paid fact witness, this does not provide SHB or MWE with any "work product" privilege over communications with him.

Similarly, Dr. Reimers was retained as an expert in March 2017, although he is lacking a signed agreement. *See* Murthy Decl., Ex. 9. The provided privilege log contains no entries for communications with Dr. Reimers. *See* Murthy Decl., Ex. 7. On a September 7, 2017 meet and confer, counsel for Plaintiffs asked for confirmation that no unproduced or unlogged communications with Dr. Reimers existed. Murthy Decl., ¶ 15. Counsel for SHB and MWE, while believing everything was produced, were non-committal on whether there was additional correspondence. *Id*. ¶ 16. To the extent communications exist and pre-date March 2017 they could not be properly withheld.

For all of these reasons, SHB and MWE must produce its communications, both withheld and improperly redacted, with unrepresented third parties, and former Moli employees, Ulrich von Sacken and Jan Reimers to the extent they (1) pre-date retention as an expert and/or (2) concern factual information known by either before they were retained as an expert.

### B. Improper Assertion of Work Product and Common Interest Protections

The firms have redacted as "work product" a number of communications. While afforded significant protection, a claim of work product protection is not absolute. Disclosures that show an indifference to protecting strategy waive this protection. *See United States v. Stewart*, 287 F. Supp. 2d 461, 468 (S.D.N.Y. 2003) ("Most courts that have analyzed the question whether a party has waived work product protection over documents by disclosing them to third parties have found waiver only when the disclosures substantially increased the opportunities for potential adversaries to obtain the information.") (internal quotations omitted); *In re Subpoenas Duces Tecum*, 738 F.2d 1367 (D.C. Cir. 1984) (work product protection lost when materials provided to adversary).

Here, SHB and MWE have asserted work product protection over communications with Moli. *See* Murthy Decl., Ex. 10. However, at the time counsel initially reached out to Moli, a third party, there could not have been any work product or common interest protection. Accordingly, these initial communications between SHB and MWE must be produced without any redactions.

### C. Communications with Moli's Counsel Are Not Privileged and Are Relevant

Finally, SHB and MWE assert work product protections over communications with Moli's counsel. However, work product only protects materials prepared in anticipation of litigation. *See Logan v. Commercial Union Ins. Co.*, 96 F.3d 971, 976–77 (7th Cir.1996). Counsel for Moli, and Moli, is not a party to the pending dispute between Milwaukee and Snap-

6

on. Milwaukee is not aware of any joint defense agreement between these entities and Milwaukee is not aware of any control of Moli's counsel by Snap-on, SHB, or MWE. *See, e.g.*, *LG Elecs. v. Motorola, Inc.*, No. 10 CV 3179, 2010 WL 4513722, at *3-4 (N.D. Ill. Nov. 2, 2010) (a party could not assert work product protection for documents its counsel prepared regarding a separate lawsuit in which it was not a party). Accordingly, SHB and MWE have failed to show any applicable "work product" protection over these communications.

      SHB and MWE also assert that its communications with Moli's counsel are not relevant to the pending dispute between Milwaukee and Snap-on. This is wrong because these communications are directly relevant to establish the nature and scope of the privity relationship between Snap-on and Moli. The question of privity examines the nature of the relationship between the assignor and the party to be estopped. *Mentor Graphics Corp. v. Quickturn Design Sys., Inc.*, 150 F.3d 1374, 1379 (Fed. Cir. 1998). There is no bright line test for determining privity between the assignor and the related party. Instead, courts consider all "direct and indirect" contacts between the assignor, here Moli, and the related party, here Snap-on. *Intel Corp. v. U.S. Int'l Trade Comm'n*, 946 F.2d 821, 838 (Fed. Cir. 1991). As such, communications between Snap-on's counsel and Moli's counsel are relevant to the direct and indirect contact between Moli and Snap-on.

      Accordingly, Milwaukee respectfully requests that the firms be required to produce their communications with counsel for Moli.

### III. STATEMENT OF COMPLIANCE WITH LOCAL RULE 37.2

Since July 31, 2017, the parties have discussed these issues on the phone and through correspondence. *See, e.g.*, Murthy Decl., Exs. 11-13. The parties discussed these issues by phone multiple times, most recently on September 7, 2017 at 1PM central time. Murthy Decl. ¶¶ 12-14. Sanjay Murthy represented Milwaukee and George Dougherty represented SHB and MWE. *Id*. The first meet and confer took place on August 11, 2017 between Sanjay Murthy and Lynn Murray for SHB and Amol Parikh for MWE. *Id*. ¶ 12. After these consultations by telephone and other good faith attempts to resolve their differences, the parties were unable to reach an accord.

### IV. CONCLUSION

For all of these reasons, Milwaukee respectfully requests this Court to order Shook, Hardy & Bacon L.L.P. and McDermott Will & Emery LLP to produce all of its communications with third-party Moli, including its former employees and its current counsel, without any redactions.

Dated: September 11, 2017

Respectfully submitted,

By */s/ Sanjay K. Murthy*
Jason C. White
jason.white@morganlewis.com
Sanjay K. Murthy
sanjay.murthy@morganlewis.com
Scott D. Sherwin
scott.sherwin@morganlewis.com
MORGAN, LEWIS & BOCKIUS LLP
77 West Wacker Drive, Suite 500
Chicago, Illinois 60601
Phone: (312) 324-1000
Fax: (312) 324-1001

*Attorneys for Plaintiffs Milwaukee Electric Tool Corporation; Metco Battery Technologies, LLC; AC (Macao Commercial Offshore) Limited; and Techtronic Industries Co. Ltd.*

## **CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing document was served via email on September 11, 2017 upon the following:

Lynn Murray
George Dougherty
Hugh Abrams
Peter O'Neill
**Shook, Hardy & Bacon**
lhmurray@shb.com
gdougherty@shb.com
habrams@shb.com
pfoneill@shb.com

Paul Devinsky
Joseph Paquin
Amol A Parikh
**McDermott, Will & Emery**
pdevinsky@mwe.com
jpaquin@mwe.com
aparikh@mwe.com

/s/ Sanjay K. Murthy